**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JONATHAN BALDWIN, Individually and on Behalf of All Others Similarly Situated,<br><br>            Plaintiff,<br><br>      v.<br><br>NET 1 UEPS TECHNOLOGIES, INC., HERMAN G. KOTZE and ALEX M.R. SMITH,<br><br>            Defendants. | Case No.: 1:19-cv-11174-PKC<br><br>Hon. P. Kevin Castel |

**MEMORANDUM OF LAW IN SUPPORT OF JONATHAN BALDWIN FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF <u>COUNSEL</u>**

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.   FACTUAL BACKGROUND ........................................................................................ 2

II.  PROCEDURAL HISTORY ......................................................................................... 3

III. ARGUMENT .............................................................................................................. 4

    A.   Appointing Mr. Baldwin as Lead Plaintiff Is Appropriate ............................... 4

        1.   Mr. Baldwin Filed a Timely Motion. ..................................................... 5

        2.   Mr. Baldwin Has the Largest Financial Interest. ................................... 5

        3.   Mr. Baldwin Satisfies the Relevant Requirements of Rule 23. ............... 6

            a.   Mr. Baldwin's Claims Are Typical. .......................................... 7

            b.   Mr. Baldwin Is an Adequate Representative. ............................ 8

    B.   Approving Lead Plaintiff's Choice of Counsel Is Appropriate. ....................... 8

IV.  CONCLUSION ......................................................................................................... 10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Cendant Corp.*,
    264 F.3d 201 (3d Cir. 2001)..................................................................................... 8

*City of Monroe Emples.' Ret. Sys. v. Hartford Fin. Servs. Group, Inc*.,
    269 F.R.D. 291 (S.D.N.Y. 2010) ......................................................................... 7, 8

*In re Cloudera, Inc. Sec. Litig.*,
    No. 19-CV-03221-LHK, 2019 U.S. Dist. LEXIS 216750  (N.D. Cal. Dec. 16, 2019) ........... 9

*Deinnocentis v. Dropbox, Inc.*,
    No. 19-cv-06348-BLF, 2020 U.S. Dist. LEXIS 8680 (N.D. Cal. Jan. 16, 2020*)* .................... 9

*In re eSpeed, Inc. Sec. Litig.*,
    232 F.R.D. 95 (S.D.N.Y. 2005) ............................................................................. 7

*Francisco v. Abengoa, S.A.*,
    No. 15-cv-6279 (ER), 2016 U.S. Dist. LEXIS 68145 (S.D.N.Y. May 24, 2016) ................... 9

*Isaacs v. Musk*,
    No. 18-CV-04865-EMC, 2018 U.S. Dist. LEXIS 200717 (N.D. Cal. Nov. 27, 2018), ........... 9

*Kuriakose v. Fed. Home Loan Mortg. Co.*,
    No. 1:08-cv-7281-JFK, 2008 U.S. Dist. LEXIS 95506 (S.D.N.Y. Nov. 24, 2008)................. 7

*Levin v. Res. Capital Corp.*,
    No. 15-cv-7081 (LLS), 2015 U.S. Dist. LEXIS 162377 (S.D.N.Y. Oct. 5, 2016) .................. 9

*Pope v. Navient Corp.*,
    No. 17-cv-8373 (RBK/AMD), 2018 U.S. Dist. LEXIS 17340 (D.N.J. Feb. 2, 2018).............. 9

*In re Sundial Growers Inc. Sec. Litig.*,
    No. 1:19-cv-08913-ALC (S.D.N.Y. Dec. 20, 2019)................................................ 9

*In re Tesla, Inc. Sec. Litig.*,
    No. 18-CV-04865-EMC, 2018 U.S. Dist. LEXIS 212238 (N.D. Cal. Dec. 17, 2018) ............ 9

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
    589 F. Supp. 2d 388 (S.D.N.Y. 2008).............................................................. 5, 6

*Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*,
    No. 10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552 (E.D.N.Y. May 31, 2011).................. 7

*Zhang v. Valaris PLC, et al.*,
    No. 1:19-cv-07816-NRB (S.D.N.Y. Dec. 23, 2019)................................................ 9

**Statutes**

15 U.S.C. § 78u-4(a)(3)(A)(i) ........................................................................................ 5

15 U.S.C. § 78u-4(a)(3)(B) ........................................................................................... 4

15 U.S.C. § 78u-4(a)(3)(B)(iii) .................................................................................. 4, 6

15 U.S.C. § 78u-4(a)(3)(B)(iii)(aa) ............................................................................... 5

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc) ........................................................................... 6

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) ............................................................................... 4

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa) .......................................................................... 8

15 U.S.C. § 78u-4(a)(3)(B)(v) ...................................................................................... 8

**Rules**

FED. R. CIV. P. 23 ............................................................................................... 1, 5, 6, 7

Jonathan Baldwin ("Mr. Baldwin") respectfully submits this memorandum of law in support of his motion ("Motion") to appoint him as lead plaintiff and approve his selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel pursuant to Section 21D of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), on behalf of a putative class of purchasers of Net 1 UEPS Technologies, Inc., ("UEPS" or the "Company") securities from September 12, 2018 through November 8, 2018, inclusive (the "Class" who purchased during the "Class Period"), concerning claims under Sections 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, against defendants UEPS, Herman G. Kotze ("Kotze"), and Alex M.R. Smith ("Smith") (collectively, "Defendants").

Pursuant to the PSLRA, the person or group of persons with the largest financial interest in the relief sought by the Class who also satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure are presumed to be the "most adequate" plaintiff—*i.e.*, the plaintiff most capable of adequately representing the interests of Class members. The PSLRA provides that the Court shall appoint the most adequate movant as lead plaintiff. Mr. Baldwin believes that he is the "most adequate" movant, as defined by the PSLRA, and should be appointed lead plaintiff based on the financial losses he suffered as a result of defendants' wrongful conduct as alleged in this litigation. Moreover, Mr. Baldwin satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other Class members' claims and they will fairly and adequately represent the interests of the Class. In addition, Mr. Baldwin's selection of Levi & Korsinsky as Lead Counsel should be approved because the firm has substantial expertise in securities class action litigation and the experience and resources to efficiently prosecute this Action.

## I.      FACTUAL BACKGROUND[1]

UEPS provides transaction processing services, financial inclusion products and services, and payment and cryptographic technology. ¶ 15.  The Company's principal platform is the Universal Electronic Payment System, a payment technology using decentralized and biometrically secure smart cards. *Id.*  Additionally, UEPS offers telecommunication products such as prepaid airtime on behalf of all network operators in South Africa and own 55% of DNI-4PL Contracts Proprietary Limited ("DNI"), the largest distributor of starter packs for the third-largest network, Cell C (Pty) Limited ("Cell C"). *Id.* Through DNI, UEPS provides financing to Cell C to assist in the roll-out of its telecommunications network infrastructure. *Id.*

The Company is incorporated in Florida and maintains its principal offices at President Place, 4th Floor, Cnr. Jan Smuts Avenue and Bolton Road Rosebank, Johannesburg 2196, South Africa. ¶ 6. UEPS' common stock trades on the NASDAQ Global Select Market ("NasdaqGS") under the ticker symbol "UEPS." *Id.*

Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operations and prospects. ¶ 17. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that (i) the Company lacked effective internal control over financial reporting; (ii) the Company had misclassified its investment in Cell C Proprietary Limited;(iii) the Company's financial statements for the fiscal year 2018 were overstating its income; and (iv) as a result, UEPS's public statements were materially false and misleading at all relevant times. *Id.*

---

[1] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "*Baldwin* Complaint") filed in the Action entitled *Baldwin v. Net 1 UEPS Technologies, Inc. et al.,* Case No. 1:19-cv-11174-PKC. Unless otherwise defined, capitalized terms shall have the same meaning set forth in the *Baldwin* Complaint. The facts set forth in the *Baldwin* Complaint are incorporated herein by reference.

On September 12, 2018, the beginning of the Class Period, UEPS filed a Form 10-K for the fiscal year ended June 30, 2018 ("2018 10-K") with the SEC, which provided the Company's fiscal year 2018 financial results and positions and stated that the Company's internal control over financial reporting was effective as of June 30, 2018.  ¶ 16. The 2018 10-K was signed and certified under the Sarbanes Oxley Act of 2002 by the Individual Defendants attesting to the accuracy of the financial statements, effectiveness of internal controls, and that all fraud was disclosed. *Id*.

Then, on November 8, 2018, after the market close, the Company filed a Form 8-K with the SEC under item 4.02(a) for non-reliance on previously issued financial statements ("November 2018 Form 8-K"). ¶ 18. Specifically, the November 2018 Form 8-K discussed that it had misclassified its investment in Cell C Proprietary Limited. It furthermore discussed that due to the Company's re-evaluation of the classification of its investment in Cell C, appropriate revisions to financial data for the year ended June 30, 3029 and the quarterly information for fiscal 2018 would reflect changes in the restated financial statements for the year ended June 30, 2018. *Id*.

On this news, the price of UEPS's common stock declined $2.16 from a close on November 8, 2018 at $7.00 per share, to a close on November 9, 2018 at $4.84 per share, a drop of approximately 30.86 percent. ¶ 19.

Finally, On December 6, 2018, UEPS filed an amendment to the 2018 10-K on Form 10-K/A with the SEC, disclosing a material weakness in its internal control over financial reporting. ¶ 20.

## II.   PROCEDURAL HISTORY

Pending before this Court is a class action (the "Action") against the Defendants. Mr. Baldwin commenced the first filed action against UEPS on December 5, 2019. On that same day, Levi & Korsinsky acting on Mr. Baldwin's behalf published a notice on *Accewire* announcing

that a securities class action had been initiated against the above-captioned Defendants. *See* Exhibit C ("Press Release") to the Declaration of Shannon L. Hopkins in Support of Plaintiff's Motion ("Hopkins Decl.").

## III.   ARGUMENT

### A.   Appointing Mr. Baldwin as Lead Plaintiff Is Appropriate

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B) The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" — *i.e.*, the plaintiffs most capable of adequately representing the interests of the Class — is the class member or group of class members that:

> (aa) has either filed the complaint or made a motion in response to a notice. . .

> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)

The presumption "may be rebutted only upon proof by a purported member of the plaintiff class that the presumptively most adequate plaintiff—

> (aa) will not fairly and adequately protect the interest of the class; or

> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class."

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

4

As set forth below, Mr. Baldwin satisfies the forgoing criteria and has complied with all of the PSLRA's requirements to be appointed lead plaintiff. Mr. Baldwin has, to the best of his knowledge, the largest financial interest in this litigation—having lost $23.88 as a result of his transactions and meets the relevant requirements of Federal Rule of Civil Procedure 23. *See* Loss Chart, Ex. B to Hopkins Decl. In addition, Mr. Baldwin is not aware of any unique defenses that Defendants could raise against him that would render him inadequate to represent the Class. Accordingly, Mr. Baldwin respectfully submits that he should be appointed as lead plaintiff. *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008).

### 1.    Mr. Baldwin Filed a Timely Motion.

On December 5, 2019 pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), the Notice of the pendency of the *Baldwin* Action was published on *Accesswire*—a widely circulated national business-oriented wire service—announcing that a securities class action had been filed against defendants herein and advising purchasers of UEPS securities that they had 60 days from the publication of the December 5, 2019 notice to file a motion to be appointed as lead plaintiff. *See* Press Release, Ex. C to Hopkins Decl..

Mr. Baldwin timely filed his motion within the 60-day period following publication of the December 5, 2019 Press Release, submitted herewith sworn certifications attesting that he is willing to serve as a representative of the Class and attaching his transactions in UEPS securities. *See* Hopkins Decl., Ex. A. By making a timely motion in response to a PSLRA notice, Mr. Baldwin satisfies the first PSLRA requirement to be appointed as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(aa).

### 2.    Mr. Baldwin Has the Largest Financial Interest.

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate

plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Mr. Baldwin believes that he has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and, accordingly, is presumed to be the "most adequate plaintiff."

Mr. Baldwin purchased UEPS securities at prices alleged to have been artificially inflated by way of the Defendants' scheme and/or in reliance upon the materially false and misleading statements issued by the Defendants and was injured thereby. As a result of the alleged fraud against Defendants, Mr. Baldwin suffered an approximate loss of $23.89. *See* Hopkins, Ex. B. Mr. Baldwin is unaware of any other Class member claiming a larger financial interest in this matter that has filed a motion for appointment as lead plaintiff. Consequently, Mr. Baldwin believes that he has the "largest financial interest in the relief sought by the Class." Thus, Mr. Baldwin satisfies the second PSLRA requirement—the largest financial interest—to be appointed as lead plaintiff for the Class.  *See Varghese,* 589 F. Supp. 2d at 396.

### 3.    Mr. Baldwin Satisfies the Relevant Requirements of Rule 23.

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

FED. R. CIV. P. 23(a).

In making its determination that a lead plaintiff candidate satisfies the requirements of Rule 23, "typicality and adequacy of representation are the only provisions [of Rule 23] relevant to the determination." *City of Monroe Emples.' Ret. Sys. v. Hartford Fin. Servs. Group, Inc.*, 269 F.R.D. 291, 296 (S.D.N.Y. 2010). At the lead plaintiff stage of the litigation, Mr. Baldwin need only make a preliminary showing that he satisfies Rule 23's typicality and adequacy requirements. *Id.* at 296-97 (*citing In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005); *Kuriakose v. Fed. Home Loan Mortg. Co.*, No. 1:08-cv-7281-JFK, 2008 U.S. Dist. LEXIS 95506, at *11-12 (S.D.N.Y. Nov. 24, 2008).

### a.   Mr. Baldwin's Claims Are Typical.

The Rule 23(a) typicality requirement is satisfied when a lead plaintiff's claims arise from the same event, practice, or course of conduct that gives rise to other class members' claims, and lead plaintiff's claims are based on the same legal theory. *See Kuriakose*, 2008 U.S. Dist. LEXIS 95506, at *12. Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id.*

Mr. Baldwin's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Mr. Baldwin alleges that Defendants' material misstatements and omissions, and fraudulent scheme, concerning UEPS's business, operations and prospects, violated the federal securities laws. Mr. Baldwin, like all members of the Class, purchased UEPS securities during the Class Period at prices artificially inflated by Defendants' materially false and misleading statements, and was damaged thereby. *Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*, No. 10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552, at *12 (E.D.N.Y. May 31, 2011) (typicality satisfied where movants purchased stock at artificially inflated prices

"and suffered damages as a result"). Accordingly, Mr. Baldwin's interests and claims are "typical" of the interests and claims of the Class.

<b>b.      Mr. Baldwin Is an Adequate Representative.</b>

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe*, 269 F.R.D. at 297. Mr. Baldwin has demonstrated his adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this Action, and Mr. Baldwin's financial losses ensure that he has sufficient incentive to ensure vigorous advocacy. *See* Hopkins Decl., Ex. B. Finally, Mr. Baldwin is not aware that any conflict exists between his claims and those asserted on behalf of the Class.

<b>B.      Approving Lead Plaintiff's Choice of Counsel Is Appropriate.</b>

The PSLRA vests authority in the lead plaintiffs to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp.*, 264 F.3d 201, 274 (3d Cir. 2001). Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Mr. Baldwin has selected Levi & Korsinsky to pursue this litigation on his behalf and will retain the firm as the Class's Lead Counsel in the event he is appointed as lead plaintiff. Levi & Korsinsky possesses adequate experience in securities litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the Firm Résumé attached to the Hopkins Decl. as Ex. D. Moreover, Levi & Korsinsky has often been appointed as lead counsel in similar actions in this Circuit and across the country arising

under the federal securities laws on behalf of investors. *See Deinnocentis v. Dropbox, Inc.,* No. 19-cv-06348-BLF, 2020 U.S. Dist. LEXIS 8680, at *13 (N.D. Cal. Jan. 16, 2020*); Zhang v. Valaris PLC, et al.,* No. 1:19-cv-07816-NRB (S.D.N.Y. Dec. 23, 2019); *In re Sundial Growers Inc. Sec. Litig.,* No. 1:19-cv-08913-ALC (S.D.N.Y. Dec. 20, 2019); *In re Cloudera, Inc. Sec. Litig.,* No. 19-CV-03221-LHK, 2019 U.S. Dist. LEXIS 216750, at *28-29  (N.D. Cal. Dec. 16, 2019) ("The Court…is satisfied that the lead plaintiff has made a reasonable choice of counsel" when appointing Levi & Korsinsky); *Isaacs v. Musk*, No. 18-CV-04865-EMC, 2018 U.S. Dist. LEXIS 200717, at *20 (N.D. Cal. Nov. 27, 2018), *reconsideration denied sub nom. In re Tesla, Inc. Sec. Litig.*, No. 18-CV-04865-EMC, 2018 U.S. Dist. LEXIS 212238 (N.D. Cal. Dec. 17, 2018) (noting Levi & Korsinsky "is experienced in securities fraud litigation and has been appointed Lead Counsel in other securities class actions."); *Pope v. Navient Corp.*, No. 17-cv-8373 (RBK/AMD), 2018 U.S. Dist. LEXIS 17340, at *13–14 (D.N.J. Feb. 2, 2018) (appointing Levi & Korsinsky as lead counsel as it "is clearly capable of handling this matter—the firm has extensive experience in private securities litigation and has received numerous favorable judgments in its past representations."); *Francisco v. Abengoa, S.A.*, No. 15-cv-6279 (ER), 2016 U.S. Dist. LEXIS 68145, at *21 (S.D.N.Y. May 24, 2016) (noting that given "Levi & Korsinsky's track record, the Court, like many others in this Circuit before it, concludes that the firm is qualified to serve as lead counsel of the class"); *Levin v. Res. Capital Corp.*, No. 15-cv-7081 (LLS), 2015 U.S. Dist. LEXIS 162377, at *4 (S.D.N.Y. Oct. 5, 2016) (appointing Levi Korsinsky as lead counsel and noting that it is "a firm which is well qualified and has successfully served as lead counsel or co-lead counsel in numerous complex securities class actions");  Thus, the Court may rest assured that by granting Movant's motion, the Class will receive the highest caliber of legal representation possible.

## IV.    CONCLUSION

For the foregoing reasons, Mr. Baldwin respectfully requests the Court grant his Motion and enter an Order: (1) appointing Mr. Baldwin as lead plaintiff, (2) approving his selection of Levi & Korsinsky as Lead Counsel for the Class, and (3) granting such other relief as the Court may deem just and proper.


Dated: February 3, 2020                          Respectfully Submitted,

                                                 **LEVI & KORSINSKY, LLP**

                                                 By: _/s/ Shannon L. Hopkins_
                                                 Shannon L. Hopkins (BBO# 657485)
                                                 1111 Summer Street, Suite 403
                                                 Stamford, Connecticut 06905
                                                 Tel. (203) 992-4523
                                                 Fax: (212) 363-7500
                                                 Email: shopkins@zlk.com


                                                 *Lead Counsel for Mr. Baldwin and*
                                                 *[Proposed] Lead Counsel for the Class*