UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JONATHAN BALDWIN, individually and on
behalf of all others similarly situated,

               Plaintiff,                                    19-cv-11174 (PKC)

        -against-                                 OPINION
                                                        AND ORDER

NET 1 UEPS TECHNOLOGIES, INC.,
HERMAN G. KOTZE and ALEX M.R. SMITH,

               Defendants.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        Plaintiff Jonathan Baldwin filed this putative securities class action against defendants Net 1 UEPS Technologies, Inc. ("UEPS"), Herman G. Kotze, and Alex M.R. Smith on December 5, 2019. (Doc 1.) Baldwin alleges that defendants made materially false and misleading statements or omissions in violation of Sections 10(b) and 20(a) and Rule 10b-5 of the Securities and Exchange Act of 1934 that resulted in economic loss to him and others similarly situated. Baldwin now moves, unopposed, to be appointed lead plaintiff and for the approval of selected counsel. (Doc 6.) For the reasons set forth below, Baldwin's motion will be granted.

BACKGROUND

        The following facts are taken from the complaint and from Baldwin's motion for appointment as lead plaintiff. The Court accepts these facts as true for the purpose of this motion.

        UEPS is a Florida corporation with its principal place of business in Johannesburg, South Africa. (Doc 1 ¶ 6.) At all times relevant to this action, Kotze was UEPS's

Chief Executive Officer and Smith was UEPS's Chief Financial Officer. (Id. ¶¶ 7-8.) UEPS provides transaction processing services, financial inclusion products and services, and payment and cryptographic technology. (Doc 1 ¶ 15.) Its principal platform is the Universal Electronic Payment System, a smart-card payment technology. (Id.) UEPS also offers prepaid airtime on behalf of all network operators in South Africa, and owns 55% of DNI-4PL Contracts Proprietary Limited, the largest distributor of starter packs for the third-largest network, Cell C (Pty) Limited ("Cell C"). (Id.)

On September 12, 2018, the beginning of the class period, UEPS filed a Form 10-K for fiscal year ended June 30, 2018. (Id. ¶ 16.) Kotze and Smith signed the Form 10-K, attesting to its accuracy. (Id.) Baldwin alleges that the 2018 Form 10-K contained materially false and/or misleading statements, or that defendants failed to disclose the following: (1) UEPS lacked effective internal control over financial reporting; (2) UEPS had misclassified its investment in Cell C; (3) UEPS's financial statements for fiscal year 2018 overstated its income; and (4) as a result, UEPS's financial statements were false and misleading. (Id. ¶ 17.)

On November 8, 2018, the close of the class period, UEPS filed a Form 8-K for non-reliance on its previously-issued financial statements. (Id. ¶ 18.) After this news, UEPS's common stock declined from a closing price of $7/share on November 8, 2018 to $4.84/share on November 9, 2018. (Id. ¶ 19.) Baldwin contends that this stock price decline was caused by UEPS's misconduct and lack of operational and financial controls about which defendants made materially false and misleading statements. Baldwin states that the defendants' fraudulent scheme to inflate UEPS's price and its subsequent disclosure to the public directly resulted in economic loss. (Id. ¶¶ 22-23.) On December 6, 2018, UEPS issued an amendment to its 2018

Form 10-K on a Form 10-K/A disclosing a material weakness in its internal control over financial reporting. (Id. ¶ 20.)

Baldwin filed this putative class action complaint on December 5, 2019. The class would include "all individuals and entities who purchased or otherwise acquired UEPS securities on the public market" from September 12, 2018 to November 8, 2018 (the "Class Period") and suffered damages. (Doc 1 ¶ 30.) Also on December 5, 2019, Levi & Korsinsky, LLP, acting on Baldwin's behalf, published a notice of the suit on "Accesswire," a widely-circulated, business-oriented wire service. (Pl.'s Mem. Law (Doc 7) at 3, 5; Hopkins Decl. (Doc 8) Ex. C.) Baldwin filed the instant motion for appointment as lead plaintiff and for approval of selected counsel on February 3, 2020. (Doc 6.) Baldwin's motion is unopposed.

## LEGAL STANDARD

The Private Securities Litigation Reform Act of 1995 (the "PSLRA") establishes a procedure for the appointment of a lead plaintiff. 15 U.S.C. § 78u-4(a)(3). The PSLRA provides that the district court "shall" appoint a lead plaintiff that it "determines to be most capable of adequately representing the interests of class members . . . ." 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA creates a rebuttable presumption "that the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that," inter alia, (1) filed the complaint or made a motion to be appointed lead plaintiff of the purported class; (2) has the largest financial interest in the relief; and (3) satisfies the requirements of Rule 23, Fed. R. Civ. P. 15 U.S.C. § 78u-4(a)(3)(B)(iii); see Hevesi v. Citigroup Inc., 366 F.3d 70, 81 (2d Cir. 2004) ("Two objective factors inform the district court's appointment decision: the plaintiffs' respective financial stakes in the relief sought by the class, and their ability to satisfy the requirements of Rule 23.")

Rule 23, Fed. R. Civ. P. provides: "One or more members of a class may sue or be sued as representative parties on behalf of all members only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Rule 23(a), Fed. R. Civ. P. "[T]ypicality and adequacy of representation are the only provisions [of Rule 23] relevant to a determination of lead plaintiff under the PSLRA." Varghese v. China Shenghuo Pharm. Holdings, Inc., 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008) (internal quotation marks and citation omitted). At this stage of the litigation, the plaintiff need only make a preliminary showing that he satisfies these two requirements. In re LightInTheBox Holding Co., Ltd. Sec. Litig., No. 13 Civ. 6016 (PKC), 2013 WL 6145114, at *4 (S.D.N.Y. Nov. 21, 2013).

DISCUSSION

1. Appointment of Lead Plaintiff

Baldwin filed this action and timely moved to be appointed lead plaintiff. The PSLRA requires a named plaintiff to publish notice of the action, the claims asserted, and the definition of the purported class period in a "widely circulated national business-oriented publication or wire service" within 20 days of filing the complaint. 15 U.S.C. § 78u-4(a)(3)(A)(i). Within 60 days of filing the notice, "any member of the purported class may move the court to serve as lead plaintiff . . . ." Id. Levi & Korsinsky, LLP filed notice of this action on Accesswire, a national, business-oriented wire service, on December 5, 2019, the day the complaint was filed. (Hopkins Decl. (Doc 8) Ex. C.) Baldwin timely filed the instant motion on February 3, 2019.

Courts consider four factors when determining which plaintiff has the largest financial interest: "(1) the total number of shares purchased during the class period; (2) the net shares purchased during the class period (in other words, the difference between the number of shares purchased and the number of shares sold during the class period); (3) the net funds expended during the class period (in other words, the difference between the amount spent to purchase shares and the amount received for the sale of shares during the class period); and (4) the approximate losses suffered." Kaplan v. Gelfond, 240 F.R.D. 88, 93 (S.D.N.Y. 2007); Peters v. Jinkosolar Holding Co., Ltd., No. 11 Civ. 7133 (JPO), 2012 WL 946875, at *5 (S.D.N.Y. Mar. 19, 2012) (listing the same factors and citing Kaplan). Baldwin alleges that he purchased ten gross shares of UEPS during the class period, retained three net shares of UEPS during the class period, spent net funds of $20.24, and suffered a loss of $23.89. (Doc 8, Ex. B.) Although Baldwin alleges a relatively modest loss, as the only purported class member to seek appointment as lead plaintiff, Baldwin has asserted the largest financial interest. See, e.g., Balestra v. ATBCOIN LLC, 380 F. Supp. 3d 340, 361 (S.D.N.Y. 2019) (plaintiff who was only one to file complaint or move to be appointed lead plaintiff had largest financial interest); Aude v. Kobe Steel, Ltd., No. 17-CV-10085 (VSB), 2018 WL 1634872, at *3 (S.D.N.Y. Apr. 4, 2018) (applying factors where plaintiff was the only member of the putative class to file a complaint or move for appointment as lead plaintiff).

Baldwin also meets the typicality and adequacy requirements of Rule 23, Fed. R. Civ. P. "Typicality is satisfied where the claims arise from the same conduct from which the other class members' claims and injuries arise." In re eSpeed, Inc. Sec. Litig., 232 F.R.D. 95, 102 (S.D.N.Y. 2005) (citation omitted). Baldwin's claims are typical of the putative class: Baldwin purchased UEPS shares during the Class Period at prices that he alleges were artificially

inflated by defendants' materially false and misleading statements, and suffered damage as a result of these alleged violations of the federal securities laws. "The adequacy requirement is satisfied where (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) the class members' interests are not antagonistic to one another; and (3) the class has a sufficient interest in the outcome of the case to ensure vigorous advocacy." In re eSpeed Inc., 232 F.R.D. at 102 (citation omitted). Baldwin has selected experienced counsel to conduct the litigation; his financial loss and his moving to be appointed lead plaintiff demonstrate sufficient interest in the outcome of the case. The Court does not find any basis to conclude that Baldwin's interests would be antagonistic to other class members'.

2. Approval of Counsel

"Under the PSLRA, the lead plaintiff 'shall, subject to the approval of the court, select and retain counsel to represent the class.'" Nakamura v. BRF S.A., No. 18-cv-2213 (PKC), 2018 WL 3217412, at *5 (S.D.N.Y. July 2, 2018) (quoting 15 U.S.C. § 78u-4(a)(3)(B)(v)). "There is a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection." Sallustro v. CannaVest Corp., 93 F. Supp. 3d 265, 278 (S.D.N.Y. 2015) (internal quotation marks and citation omitted). When determining whether to approve a plaintiff's selected counsel, the Court looks principally to counsel's experience. Nakamura, 2018 WL 3217412, at *5.

Levi & Korsinsky, LLP has extensive experience litigating securities and shareholder class actions as lead counsel. (Doc 8, Ex. D.) The firm has the necessary experience to act as lead counsel here, and Baldwin's selection of Levi & Korsinsky, LLP as lead counsel is approved.

CONCLUSION

For the reasons explained, plaintiff's motion to be appointed lead plaintiff and for approval of Levi & Korsinsky, LLP as counsel is GRANTED. The Clerk is directed to terminate the motion (Doc 6).

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
March 25, 2020